IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SARAH L. MILLER, )<br>         Plaintiff, )<br> )<br>v. )<br> )<br>ONEWEST BANK, FSB, and )<br>INDYMAC MORTGAGE SERVICES )<br>         Defendants. ) | CIVIL ACTION NO. 12-00450-KD-M |

**ORDER**

This action is before the Court on the Voluntary Motion to Dismiss (Doc. 43) filed by Plaintiff Sarah L. Miller ("Miller") pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Miller states that "she no longer wishe[s] to pursue any claims" and prays that the Court "dismiss the instant action without prejudice."[1] In response to the Court's previous Order (Doc. 45), the Defendants have filed an objection to the proposed dismissal of this case without prejudice (Doc. 46), asserting that their pending motion for summary judgment is due to be granted and that Miller "should be precluded from raising her claims" in future actions. The Defendants add that they "would agree to a dismissal of Plaintiff's action with prejudice."

Pursuant to Rule 41(a)(2), this action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Such a dismissal is without prejudice unless otherwise specified by the Court. Fed. R. Civ. P. 41(a)(2). Regarding the Court's discretion under this rule, the Eleventh Circuit has held as follows:

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then* [sic] *the mere prospect of a subsequent lawsuit,* as a result." Id. at 856-57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967). In exercising its

---

[1] The Court has already denied Miller's request for the Court to order the conveyance of funds. (Doc. 43).

"broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857 . . .

Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255-56 (11th Cir. 2001)

As this holding makes clear, the possibility that Miller may reassert her claims in a subsequent action cannot be considered a "clear legal prejudice" to the Defendants justifying denial of her voluntary dismissal without prejudice. Also unavailing is the Defendants' assertion that they are due to be granted summary judgment pursuant to their pending motion. "[T]he mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice . . . [D]elay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion is pending." Id. at 1258-59. Though the Defendants clearly believe that they will prevail on summary judgment, they have cited no evidence of bad faith by Miller in bringing her motion, which was filed four days prior to the filing of the Defendants' motion for summary judgment.

Upon consideration, and in accordance with the foregoing analysis, it is **ORDERED** that Miller's Voluntary Motion to Dismiss (Doc. 43) is **GRANTED** and that this action is **DISMISSED without prejudice**.[2]

**DONE** and **ORDERED** this the **10th** day of **April 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court may, in its discretion, attach certain conditions to a Rule 41(a)(2) dismissal, such as payment of costs by the plaintiff to the defendant in the event the plaintiff refiles the dismissed claims. See McCants v. Ford Motor Co., Inc., 781 F.2d 855, 860 (11th Cir. 1986). However, the Court declines to do so in this case, as 1) the Defendants have not argued for the inclusion of any such conditions and 2) the Defendants' efforts in this case can be reused in the event Miller refiles her dismissed claims.